## Case No. 6,361.

### In re HENKEL.

[2 N. B. R. 546 (Quarto, 167);[1] 2 Pac. Law Rep. 212.]

District Court, D. California. 1869.

BANKRUPTCY—INVOLUNTARY—HOMESTEAD—EXEMPTION.

1. The homestead act of California [Hitt. Dig. § 3541] contemplates the selection of a

[1] [Reprinted from 2 N. B. R. 546 (Quarto, 167), by permission.]

homestead out from an entire estate, which was sufficient to pay all the just debts of its owner, and leave a surplus equal to the value of the homestead declared.

2. The declaration of the homestead is not to be held operative to prevent creditors from converting the homestead into a fund for their benefit, when such declaration is made in fraud of their rights as creditors of the bankrupt.

[Cited in Re Boothroyd, Case No. 1,652.]

In the case of Wm. Henkel, voluntary bankrupt, a decision was given by Asher B. Bates, as register, which, if sustained, will

relieve the homestead laws of this state from the odium of being an enactment aiding dishonest debtors in placing their property beyond the reach of their honest creditors. The facts of the case upon which his opinion was given are as follows:

In November, 1866, the bankrupt was in debt to an amount of two thousand and fifty-six dollars, and was carrying on a millranch, owning the personal estate connected therewith. In December of the same year he purchased real estate for three thousand dollars, and borrowed two thousand dollars on a mortgage of the same, and one thousand dollars on his personal responsibility, and paid the purchase-money. At a later date he sold his personal estate, except his household furniture, for three thousand dollars, and with the proceeds paid off the mortgage and personal liability incurred in the purchase of his real estate, and in January, 1867, declared the real estate a homestead, and in August, filed a petition to be declared a bankrupt and discharged from his debts existing at the time he declared his homestead. Upon this statement of facts the bankrupt applied to the register for an order that the assignee shall set off the homestead as exempt, and not subject to be distributed for the payment of his creditors.

After the hearing of the facts, and the argument of counsel, the register delivered an elaborate opinion, sustaining the following conclusions of law:

First. The homestead act only contemplates the selection of a homestead out from an entire estate which was sufficient to pay all the just debts of its owner, and leave a surplus equal to the value of the homestead declared.

Second. If the language of the homestead act permits a homestead to be declared in a case like the one under consideration, it is unconstitutional and void, as it impairs the obligation of a contract. When the debts were contracted the creditors had a remedy against the entire estate of the bankrupt, which was sufficient to pay his debts and leave a large surplus. If the declaration of the homestead is to be held operative to prevent the creditors from converting the homestead into a fund for their benefit, they are without remedy, while the bankrupt is enjoying their property and his own.

Third. But assuming the foregoing conclusions of law, as not well sustained, the bankrupt act [of 1867 (14 Stat. 517)] provides: "All the property conveyed by the bankrupt in fraud of his creditors * * * * * shall, in virtue of the adjudication of bankruptcy, and the appointment of assignee, be at once vested in the assignee,"—and must be regarded as the law of this case.

The declaration of a homestead under the statutes of this state possesses all the attributes of a conveyance, as it changes the nature of the estate and vests it in other parties, who control its disposition, and in this case was made in fraud of the creditors of the bankrupt.

[For hearing on exceptions to the opinion of the register, see Case No. 6,362.]